319-049-8 Kurt Draeger, et al., Appellants by James Zamuda v. Daniel Dolan, et al., Appellees by Ian Russell Mr. Zamuda May it please the Court, Counselor. Good afternoon. My name is James Zamuda and I represent Kurt Draeger. When does a circuit court cross the line of discretion? Well, how did you get here in the first place? What's your jurisdiction? Our position is the circuit court is effectively denied... Well, how did you get here? I mean, that's your position. Yes. But where did you file to get here? I believe... Under what interlocutory appeal provision? I believe... I'm sorry, I can't cite the rule. 303, perhaps? Yes. Well, what are you appealing? What order of the court are you appealing? Well, effectively the August 19, 2019 denial of... Of continuance? Yes. That's what we're up here for? Review of a continuance? Well, and we're asserting that it's an effective denial of the right to an injunction. Well, you're up here on 307A2 and you asked for an interlocutory appeal of a trial court order appointing or refusing to appoint a receiver. Yes. Is there an order that appoints or refuses to appoint a receiver? If I look at the likelihood... I understand. Is there one? Our position is the August 19 order is effectively that, effectively denying the request for a receiver. That isn't what the rule says. I'm sorry? You don't have an order appointing or refusing to appoint a receiver here. You're asking us for a review of continuance. Well, a pattern of continuances which we assert is effectively a denial of that right to the hearing... Okay, since you filed this appeal... Yes. What's going on in the trial court? Do you have a rule to show cause? We have a rule to show cause. Has it been ruled on? It has not. It has not. But it's not. How about those disqualifications, cross motions to disqualify counsel? Those have not been ruled upon. So it's just sitting there? Well, there is a pending issue as to the rule to show cause. Yes. It's just sitting there on a TRO? I'm sorry? It's just sitting there and hasn't been ruled on by the trial court? I'm sorry, I'm not sure what you're asking. What has not been ruled upon? You got a TRO from this court, didn't you? Yes. Okay. And your argument is that the TRO is not being complied with, right? I just want to be sure that we're talking about the same thing. There is a TRO that enjoins the defendant from self-dealing. Correct. There has been a show cause hearing as to that issue. And what's the ruling on that? It hasn't been ruled upon. It hasn't been ruled upon. Okay. So the purpose for this appeal is to address, again, what we're claiming is the effective denial of the right to have a hearing in the nature of temporary or, excuse me, preliminary injunctive relief as to the appointment of a receiver. Were you filed originally in this case? Yes. The request for the appointment of a receiver? Yes. You also asked for a TRO? Yes. It was denied by the trial court? Yes. Correct. And you came up here in this court, reversed that order, and a TRO was entered? As to the issue of self-dealing, yes. Okay. But there was one entered. Correct. In effect. Correct. Okay. Yes. And there's never been a hearing on the appointment of a receiver? That is correct. And this court's order said the TRO remains in effect until there is a hearing. Am I correct? That is correct. And so what's gone on since then? Discovery issues have been addressed by the court. The rule to show cause, those are the things that come to mind. Well, I have a serious concern as to whether we have jurisdiction. Okay. On a continuance. Okay. So proceed. Well, and again, and I understand the court's position, our position is that this case was filed actually a year ago today,  and we believe that that is in effect a denial of our request for the appointment of a receiver, and that that is an abuse of discretion. So that is what we think is reversible error on the part of the circuit court. I can go through the procedural history, but, again, this started a year ago today, at which time the request for the appointment of a receiver was made. Beyond that, on February of last year, February 1st, the receivership hearing was set for March 18th of 2019. On February 27th, Mr. Dolan filed his motion to dismiss, and on March 7th he filed a motion to postpone the receivership hearing. On March 15th, the receivership hearing was postponed by the circuit court. This was the first time ordering Mr. Dolan's motion to dismiss first be heard as requested by him. The motion to dismiss hearing was set for April 15th of 2019. The motion was heard and granted in part, but the circuit court allowed the request for a receiver to proceed. On April 23rd, the circuit court authorized a full day hearing for the receivership motion, which was set for June 7th of 2019. On June 6th, less than 24 hours prior to the receivership hearing, Mr. Dolan filed a motion to disqualify Mr. Dricker's counsel. The circuit court again postponed the receivership hearing. This is the second time the circuit court stated, we have an issue, an ethical issue that's before this court on the motions to disqualify possibly both firms. That is paramount to reach a decision on that, so I'm not going to go forward with any other kind of motions. Mr. Dricker requested the circuit court enjoin Mr. Dolan from that self-dealing, and as the court has just indicated, that was denied and appealed, and a TRL was in place by virtue of the appeal. The parties scheduled cross motions to disqualify the other parties' counsel for July 10th of 2019, and prior to the commencement of that hearing, the circuit court judge requested to confer with counsel for the parties. The counsel met with the circuit court judge in chambers as requested. As a result of that meeting, an agreement was reached to stay the motions to disqualify and schedule the receivership hearing for August. The circuit court created a docket entry stating a relevant part. Motions to disqualify attorneys are stayed at this time by agreement of the parties. Matter to proceed, hearing on receivership to be set in August with the court administration for two days. That, in fact, was done by agreement of the parties for August 21st and 22nd of last year. However, the very next day, Mr. Dolan called his counsel and informed him that he had changed his mind and would like to proceed with the motions to disqualify. On August 7th, Mr. Dolan filed his third motion to continue the receivership hearing, requesting the circuit court instead give preference to his renewed motion to disqualify and continue the receivership hearing for the third time. On August 19, the circuit court did just that. It continued the receivership hearing. At that point, the circuit court had reversed its course twice, the first time by saying, by agreement of the parties, I will accept that the motions to disqualify will not be heard at this time, but we will set a hearing as to the appointment of a receiver. Then, the day after that determination was made, the circuit court reversed course and, based upon Mr. Dolan changing his mind, said, no, now we will proceed with the motions to disqualify and continue the receivership hearing. On August 21st, the receivership hearing was again scheduled. At that point in time, another party, Canada Consultants, asserted its representatives were not available for the rescheduled hearing, and the dates for that came and passed, and there is no hearing set or pending for the receivership motion at this point in time. So it's simply in limbo. And the third motion to continue, filed by Mr. Dolan, states five grounds for the requested continuance of the receivership hearing. First, the new defendants, and that is a law firm and Canada Consultants, a consulting firm doing consulting work for the dispensary, have been added, and dispositive motions are pending. Well, that was a misnomer because there was only one dispositive motion pending at that point in time, and that was of the new defendant, Canada Consultants, a consulting company, which was not a party at the time that the receivership motion had been previously scheduled. So our position is that is a non-argument. The second basis was proceeding with the receivership hearing before the disqualifications motions put the dispensary at risk. Again, we debunked that issue in our briefs and before the trial court. The third basis is the circuit court determined the motion to disqualify should be determined prior to the receivership hearing. Again, that was the initial determination of the circuit court, but then it reversed course and then reversed course again. So that simply is not a basis to say that the receivership hearing should be continued again and again and again. Fourth, continuing the receivership hearing will not prejudice Mr. Dreger because he has already sought and received immediate equitable relief from the appellate court on two separate occasions. Well, despite that, we contend, and this is an issue pending still before the circuit court, that he has continued to self-deal, and the only way to stop that is to appoint a receiver for the third party in operation or in charge of the operation of the dispensary so that there is no opportunity to self-deal. So what was the TRO about? I'm sorry? What was the subject matter of the TRO? The self-dealing? What was the TRO? The reversal, you requested a TRO, you didn't get into trial court, you came out to appellate court, and we reversed the trial judge. Yes. What was the scope and function of the TRO? The scope and function of the TRO was to prevent self-dealing. Okay. And that self-dealing was as defined by the plaintiff engaging in rental transactions between the dispensary and Mr. Dolan. Yes. So when you have a TRO, what's your remedy? And where do you seek it? Well, and we've done that. We have filed a petition for a rule to show pause before the circuit court. Right. Yes. But, again, that we believe is insufficient to get to the end game of stopping the self-dealing. So the remedies available to a circuit court are insufficient on a rule to show pause if, indeed, there is a finding of contempt? I understand the point. But, again, the relief that we believe is required to stop this pattern in course of conduct is a receiver, the appointment of a receiver. And we think that we should be entitled to that hearing. And it simply has not happened. And we believe that's effectively the denial of that request for the appointment of a receiver. So you're asking us to find that the actions taken by the circuit court below is a reviewable action by a court of review of refusal to appoint a receiver? Yes. Yes, effectively the circuit court's determination for the second time to elevate these motions to disqualify over the receivership motion. And, again, effectively, continuously prolong or postpone that request for a receiver is what we're requesting the court to review. Yes. Thank you. And what's our standard of review? Abuse of discretion is what we believe the case is stating. So, and for the reasons... So your argument is simply trial court abuses discretion by granting these continuances? Under the... Because it's tantamount to refusing to appoint a receiver. Correct. That is the argument. We believe, at a minimum, after accepting the party's agreement to postpone the disqualification hearing until after the receivership, and thereafter, again, elevating the priority of disqualification hearing, Mr. Golan changed his mind. The circuit court exceeded the bonds of its discretion. And, therefore, we would request the court to reverse on that basis. So, if I ask this question subsequently, you have actually had a hearing on this disqualification? No, there has not been a hearing. There hasn't been one scheduled? There's no hearing scheduled at this time. Okay. Thank you. Thank you, Mr. Smirnoff. Mr. Russell. Thank you, Your Honors. May it please the court, counsel. The reason there hasn't been a hearing scheduled on the motions to disqualify or on the appointment of a receiver is because of this pending appeal. The circuit court has asked us every time we've been in front of them, and we've been in front of them several times since this appeal has gone up, what's the status of this appeal? Apparently, we aren't going to schedule those hearings until this appeal is over. So, to the extent that Mr. The circuit court believes it doesn't have jurisdiction? It believes that it can't schedule a hearing on matters that are currently in front of this court. So, I think that once there's a ruling from this court, because the appeal, the issue on appeal today is, and this is taken from the notice of interlocutory appeal. The appellant will ask the appellate court to reverse the August 19 order, that was a continuance order, and issue an order directing the circuit court to unconditionally schedule a receivership hearing immediately without any additional continuances and stay the motions to disqualify. That's the exact issue on appeal. And so, everybody is kind of just, hey, how can we schedule this when that issue is pending on appeal? And so, what this boils down to is. Would it just render the appeal moot? If the court were to schedule something, it would. But the court hasn't scheduled anything. And so, the court's waiting, the circuit court is waiting on this court to say which one comes first. Because that is really the crux of this issue, Your Honors. Right, right. Whether they schedule the motion to disqualify hearing first or the motion to appoint a receivership first. I'm not asking you to do that, Your Honors. Mr. Draeger is asking you to do that. And that's the crux of this issue. And the problem is that the trial court has the discretion to set its docket, period. The case that we cite in our brief says that the trial court has discretion to set its own docket. That comes from People v. Sharkey, which is 222 Illinois 2nd, 613 and 621. That says the circuit court has control over its own docket. That's a matter within the court's discretion. And where does that come from? That comes from former Chief Justice William Rehnquist, who united in Will v. Calvert Fire Insurance Company, 437 U.S. 655 at 665. This is what Chief Rehnquist said. No one can seriously contend that a busy federal trial judge confronted both with competing demands on his time for matters properly within his jurisdiction and with inevitable scheduling difficulties because of the unavailability of lawyers, parties, and witnesses is not entrusted with a wide latitude in setting his own calendar. That's what we're here about. Does the circuit court have the power to set its own calendar? Does the circuit court have the power to say, I want to hear this motion first and that one second? And if that is not the rule, if that is not the rule, then this court will be bogged down with scheduling matters that the circuit court has decided already over and over again. For example, we went to walk-in just, I don't remember if it was this week or last week, I believe it was last week, to schedule a hearing on plaintiff's motion to certify law questions seeking appellate review of a discovery ruling. I asked for a certain amount of time to respond. Ms. Douglas, who's co-counsel to Mr. Zanuta, suggested another time. The judge, who was not even assigned to this case, set a date, and I said okay. But under Mr. Greger's argument that this court has the power to determine scheduling matters, I could appeal that. And that can't be the rule. With all due respect, I don't think Your Honors want that to be the rule. And, yes, this is an abuse of discretion review. It's got to be. And we all know, we all say abuse of discretion over and over. But what is an abuse of discretion? Well, do you agree that there's jurisdiction here, and there's visuals 7 and 8? No, I don't think there is. I think this is a scheduling matter, Your Honor. That's all this is. According to the Notice of Interlocutory Appeal, they want this court to direct the circuit court when to hear one motion and when to hear a second motion. And that's not this court's role, with all due respect. We didn't, Your Honor. There was also two motions to accelerate the docket on this question, and we've been doing our best to keep up with everything. Well, you know, we have the obligation to respond to it, because that's our own jurisdiction. I agree with that. And jurisdiction is an issue that is not something that's waivable. A court's jurisdiction is, by definition, limited. And whether we raised it or not does not mean that the court gets jurisdiction if we don't. That's just not the way the rules work. But back to the abuse of discretion standard, the standard, what does abuse of discretion mean? It means that it's got to be arbitrary. It's got to be fanciful or unreasonable or where no reasonable person could take the view adopted by the circuit court. That's People v. Tolbert, 323 Illinois Ave. 3rd. And here we have the court's reasoning. The court put it on the record when it heard the motion to continue. And it said, well, that helps me in my decision to continue this matter. What's happening now is that you're alleging conflicts against the other side. This issue has to get worked out before we proceed for any kind of hearing as it relates to the issue of a receivership. The court wants to decide whether the lawyers are going to be in this case going forward before it decides a receivership. It's simply a matter of scheduling. On the motion to disqualify, there hasn't been any rulings, anything at all, nothing on standing to bring those motions? No, Your Honor. So you're telling me this is a frozen case because of this appeal? Well, I wish it were frozen, but in some ways because we've had lots of other – I take it back. I don't wish it were frozen because it's not frozen. We've had a day-and-a-half-long evidentiary hearing on a rule to show cause. Now, granted, a half day was in December. A full day was on the 13th of January. We've had all sorts of discovery rulings or discovery motions. Plaintiffs have asked for a friendly contempt finding because they don't like one of the discovery rulings. Plaintiffs have now filed a motion. So the court is making rulings on this case? Yes, it's sure. And it's conditioned a receivership motion on this cross-motion basically to disqualify each other, right? Yes. Then why is it hearing anything? I'm sorry. I've got to ask that question. Why is it not frozen now? And I don't know the answer to that, Your Honor. I'm not the judge. I'm not making those decisions. And finally, Your Honor, there's also a second lawsuit that's been filed in Whiteside County between these exact same parties involving the operating agreement and the business. So we're going to have a second case here. And, you know, Mr. Zamora talks a lot about tactics and things like that. We filed a motion to dismiss about 30 days after the complaint was filed. I think that's fairly typical in cases in Illinois. I don't think there's anything wrong with filing a motion to dismiss. And in June, yes, we filed our motion to disqualify shortly before the scheduled hearing. But when you look at the calendar, we filed that a week after we received the amended complaint and a week after we received the discovery motion or the discovery responses, which were the grounds for our motion to disqualify. We didn't undertake that lightly. We took our time. And that, unfortunately, put us up against the receivership hearing. The issues are not the merits of the motions to disqualify. That is not what we're here for. But the pleadings and the appellate briefing in this case have consistently addressed, you know, the merits of that motion. That's not what we're here for. We are not here for the merits of whether a receiver should be appointed. This court has put a TRO in place. As Your Honor has pointed out, there's a remedy for that that has been sought and is currently pending. And it's been argued? It's been argued. Evidence has been presented. By the same counsel that is used as a rationale for not moving forward on a motion for appointment of receiver? Yes, Your Honor. And I don't have an answer for that. Okay. Appreciate that. It is. But this, again, this is not about the merits of those things. This is just about scheduling. That's what the Notice of Interlocutory Appeal says. That's what their words say. This is about scheduling. It is not about self-dealing. Again, that's been addressed in other places. The problem is that Mr. Drager wants this, her, piecemeal apparently. We've been up to this court twice, one on injunctive relief, one on the TRO, and now we're here a third time on scheduling. And the risk of having all these things piecemeal is that we wind up in the situation where the court has said, I want to hear the motions to disqualify first, and it's hamstrung because of this appeal and winds up going forward with an evidentiary hearing on the rule to show cause. Now, the thing that arguably is different is that the receivership and the grounds, and I don't want to get too far into the weeds on this because my mentors have always said stick with the basics, and I didn't want to get up here and just say this is about scheduling and leave it. But the receivership, the issue was that based on things that we have found, Califf and Harper and Mr. Zamuda represent Mr. Drager. Based on what we have found, we also believe that he has represented or currently represents a competing marijuana dispensary. And more importantly, their proposed receiver was that person who was the competitor. What do you mean by competing? Is that the way that the statutory and regulatory scheme is set up, that you have to have a license and then you operate in a silo within that market? You're absolutely right, Your Honor. However, and again, I don't want to get too far into the weeds on the merits of either of those motions because that's not what we're here for. But, and that's one of the cruxes of the issue, is are they competing? And the answer is because the proposed receiver is from the district immediately south of the district in which the dispensary operates. And so there's no limitation on where the customers go. There is a limitation on where somebody can operate, but there is absolutely no limitation on where customers can go. So our position is that to put a person that competes in a position of receivership where they're going to have access to all of the financial records and all of the business planning. That's not before. I agree with that, Your Honor. That's the question, and that's why I was responding to that. You're right, but we just haven't had a receivership hearing. We don't have an appointment to be reviewed. I agree with that. Now, closing counsel says the procedures followed by the trial court here are tantamount to refusing the appointment. That'll be something that this court will have to decide. Yes. But there's a narrow interlocutory appeal in this case that way. Yeah, that's exactly right, Your Honor, and that's why I started out reading that, and I didn't want to get too far down that road. But with all due respect, that was the question I was asked, and that's why I got down the road. But when it comes down to it, Your Honor. Counsel has two minutes. Thank you. When it comes down to it, the issue arguably is distinguishable at the rule to show cause hearing as it is as compared to the motions to disqualify the receivership. They're two separate issues, and apparently the circuit court has taken the position that it's separate enough that it didn't need to hear the motions to disqualify first, which it's entitled to do, Your Honor, exactly as the circuit court is entitled to decide that it wants to hear the motions to disqualify before it hears the motion to appoint a receiver. That's the circuit court's discretion. The former Chief Justice Rehnquist said it exactly that way. The circuit courts and trial courts are entrusted with a wide latitude in setting their own calendar. I'm sure. I'm sure the Justice was thinking about that, Your Honor. And that's all I have, Your Honor. Thank you. Thank you, Mr. Gessner. Mr. Scimitar, any rebuttal? Thank you, Your Honor, very briefly. And the point is that at what point does these serial, do these serial continuances become a constructive denial of the requested relief? And that's our argument in a nutshell. So we have cited the case of Insulated Panel Code, the Industrial Commission, which is in our reply brief for the proposition that an appellate court can review a circuit court's power to control its own docket under an abuse of discretion standard. And that's what we're requesting this court to do. As to the issue of abuse of discretion and the standard being arbitrary action on the part of the circuit court, again, the circuit court made a determination that it was going to hear the motions disqualified before anything else. It made that decision. It was very express and explicit about that. Then time went by, the matter came before the court, and the court agreed to accept the party's decision to defer those motions to disqualify pending the hearing as to the receivership. Then the court reversed action again and went back to its initial position. I think that, from our standpoint, is the definition of arbitrary. There was no reason for any of that action. And, again, I'm sorry. Yes. Well. Yes. Yeah. Well, and there was the argument made that Mr. Dolan felt under duress. That's not something that we believe is on the record. But, again, when the court accepts the agreement of the parties and says, I'm prepared to proceed with the receivership hearing, which is absolutely contrary to its earlier ruling, and then simply changes course again without any explanation other than some party changed its mind, I think that is the definition of arbitrary. So that's our position. Thank you. Thank you, Your Honor. Thank you, Your Honor.